# CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Donald Wayne Day

v.

Ronald J. Angelone,
Director, etc.

January 5, 2000

Case No. CL99-333

BY JUDGE WILLIAM H. LEDBETTER, JR.

In this habeas corpus proceeding, the director contends that the petition is barred as an impermissibly "successive" petition under Virginia Code § 8.01-654(B)(2) and that it is time-barred under Virginia's new statute of limitation contained in § 8.01-654(A)(2). Because of the view this court takes of the director's "successive" petitions argument, the court need not address the statute-of-limitations issue.

*Facts*

Day entered guilty pleas to two counts of robbery and two firearms charges on June 27, 1985, and was sentenced by this court, pursuant to a plea agreement, to a total of forty years in prison.

No appeal was taken.

On May 7, 1986, Day filed a petition for writ of habeas corpus in the Supreme Court of Virginia. He alleged that (1) his attorney substantially misinformed him as to the maximum sentence; (2) his attorney misled him about possible defenses; (3) his attorney gave him wrong advice about parole eligibility; (4) the prosecutor's promises were not carried out; and (5) the guilty pleas were induced by threats. The Supreme Court dismissed Day's petition on September 22, 1986.

Later, Day filed a similar petition in the U. S. District Court. The court allowed Day to withdraw the petition, for reasons stated in the order, on May 13, 1987.

Day filed this habeas petition on August 30, 1999. Counsel filed memoranda and responsive memoranda.

*Principles of Law*

In this petition, Day claims that his trial counsel was ineffective in that he (1) failed to adequately explain the plea agreement; (2) failed to adequately explain parole eligibility; and (3) told Day that he would serve only one-sixth of the sentence.

These grounds are the same ones contained in Day's 1986 habeas petition, referred to above as (1) and (3). The Supreme Court found no merit to the allegations and dismissed the petition.

Virginia Code § 8.01-654(B)(2) provides that no writ shall be granted "on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition." Here, the petitioner not only had knowledge in 1986 of the facts alleged in this 1999 petition, he actually set them out in his 1986 petition, albeit with slightly different phraseology.

According to that subsection, even if Day had not set out the allegations in his 1986 petition, he would be precluded from asserting them now if he *had knowledge* of them at the time he filed his 1986 petition. Because of the nature of the allegations, there can be no doubt that Day had knowledge of the facts he now alleges at the time he filed his 1986 habeas petition.

This prohibition against successive petitions for habeas relief is consistent with federal constitutional law. See, e.g., *Delo v. Stokes*, 495 U.S. 320 (1990).

Because this threshold issue can be decided on the record without resort to fact-finding, no plenary hearing is necessary. Virginia Code § 8.01-654(B)(4).

*Conclusion*

For the reason given, the writ will be denied and the petition dismissed. (Although not argued, the court notes that because this petition is filed years after conviction and trial counsel is deceased, the principle enunciated in *Walker v. Mitchell*, 224 Va. 568 (1983), may apply.)